## No. 4406.

### JAMES J. O'HARA *v.* SUCCESSION OF JOHN DAVIDSON.

The appeal in this case must be dismissed, because the thing demanded is a sum of money less than five hundred dollars, although the appellant contends that the court has jurisdiction, on the ground that the demand grows out of a contract between the plaintiff and the city of New Orleans for grading and shelling a long street, costing several thousand dollars, and that the validity of the contract is involved.

The obligation of the defendant sought to be enforced involves only the sum of two hundred and sixty-seven dollars and seventy seven cents. To this extent only the contract in question concerns him. The inquiry here is not as to the obligations of other front proprietors.

APPEAL from the Second District Court, parish of Orleans, *Duvigneaud*, J. *S. P. Blanc*, for plaintiff and appellee. *Ogden & Hill*, for defendant and appellant.

WYLY, J. This is a suit for two hundred and sixty-seven dollars and seventy-seven cents for half the cost of a shell road constructed

in front of defendant's property on Locust street by the plaintiff, under a contract with the city of New Orleans, passed before Andrew Hero, Jr., on the eighth of June, 1872.

The plaintiff, the appellee herein, moves to dismiss the appeal because :

*First*—This court is without jurisdiction, the matter in dispute being less than five hundred dollars.

*Second*—The bond is insufficient for a suspensive appeal.

On the first ground we think 'the appeal must be dismissed, because the thing demanded is a sum of money less than five hundred dollars. The appellant, however, contends that the court has jurisdiction, because the demand grows out of a contract between the plaintiff and the city of New Orleans for grading and shelling a long street, costing several thousand dollars, and the validity of that contract is involved.

The obligation of the defendant sought to be enforced involves only the sum of two hundred and sixty-seven dollars and seventy-seven cents. To this extent only the contract in question concerns him. Whether the obligation of the defendant arises out of the same instrument that several obligations of other persons arise, or whether it springs from a separate contract, is immaterial. The inquiry here is not as to the obligations of other front proprietors. For aught that appears in the record they all may be discharged.

The question is, what is the amount involved in the legal obligation sought to be enforced against the defendant? It is a sum of money less than five hundred dollars.

In Rooney *v.* Brown, 21 An. 51, the question was whether the defendant was bound to pay four hundred and twenty-one dollars and sixty-three cents, for curbing and gutter built in front of his property in the city of Jefferson under a contract with the city adjudicated to the plaintiff pursuant to an ordinance; and the suit was dismissed because the amount in dispute was less than five hundred dollars. Doubtless the amount of the contract in that case between the plaintiff and the city was largely over five hundred · dollars; but the obligation of the defendant arising by operation of law, in view of that contract, was less than that amount.

In this case the contract between the plaintiff and the city involved several thousand dollars, and it produced a conventional obligation against the latter for an amount doubtless exceeding five hundred dollars. But the obligation sought to be enforced against the defendant is not a conventional obligation. The defendant was not a party to the instrument. It is an obligation arising by operation of law, in view of the adjudication, the contract and the construction of the work in front of defendant's property on Locust street.

The case of Williams v. Vance 2 An. 909, is not in point. There the defendant was sued on a note for two hundred and forty-seven dollars and fifty cents, being one of a series given to the plaintiff for a tract of land. He pleaded failure of consideration, and that he had been deceived and defrauded by the plaintiff in the contract of sale. He prayed for judgment in his favor upon the note sued upon, and for a decree that the other notes be returned and the contract rescinded. There the defendant demanded the rescission of the sale, and his interest in that contract largely exceeded the amount necessary for the appellate jurisdiction of this court.

It is therefore ordered that the appeal herein be dismissed with costs.